| | |
|---|---|
| District Court, Douglas County, State of Colorado<br>4000 Justice Way<br>Castle Rock, CO 80109 | DATE FILED: November 16, 2022 2:34 PM<br>FILING ID: 9562676AFC101<br>CASE NUMBER: 2022CV30828 |
| **Plaintiff: SANDRA M. MAEZ,** an individual,<br><br>v.<br><br>**Defendants: JORDAN SCOTT KISER,** an individual, and **UBER TECHNOLOGIES, INC.,** a corporation. | COURT USE ONLY |
| Attorney for Plaintiff:<br>The Law Office of Alexander M. Musz, PC<br>Alexander M. Musz<br>2201 N Kipling Street, Suite 206<br>Lakewood, CO 80215<br>Phone: 303-351-2533<br>E-mail: alex@denvermetrolawyers.com<br>Atty. Reg. No.: 37912 | Case No:<br><br>Division: |
| **COMPLAINT WITH JURY DEMAND** | |

Plaintiff, Sandra M. Maez, ("Maez" or "Plaintiff"), by and through her attorney, the Law Office of Alexander M. Musz, PC, files this COMPLAINT WITH JURY DEMAND against Defendants Jordan Scott Kiser ("Kiser") and Uber Technologies, Inc. ("Uber") (collectively, "Defendants"), and states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Sandra Maez, is a resident of the State of Colorado.

2. Upon information and belief, Defendant, Jordan Kiser, resides at 5101 S. Rio Grande Street, Unit 1100, Littleton, Colorado 80120.

3. Defendant, Uber Technologies, Inc., is a Corporation with headquarters at 1515 3rd Street, San Francisco, California 94158.

4. Uber purposefully directs substantial business activities into the State of Colorado.

1

5. The tort or torts forming the basis of this Complaint occurred in Douglas County, Colorado.

6. This Court has jurisdiction over the matter at issue because this is a civil action for damages. Colo. Const. Art. VI § 9(1).

7. Venue is proper in this Court pursuant to C.R.C.P. 98(c)(1).

## **GENERAL ALLEGATIONS**

8. At approximately 3:00 pm. on or about November 18, 2019, Kiser was driving his Subaru Legacy on Park Meadows Drive in Lone Tree, Colorado, which is in Douglas County.

9. At the same time, Maez was waiting in her vehicle at a red light to turn onto Park Meadows Drive.

10. When the light turned green, Maez proceeded legally into the intersection.

11. Kiser proceeded into the intersection, in violation of the red light, and collided with the side of Maez's vehicle.

12. Upon information and belief, at the time of the collision, Kiser was operating his vehicle as an agent of Uber Technologies, Inc.

13. As a direct and proximate result of the collision, Maez has suffered and will continue to suffer injuries, losses, and damage, including but not limited to: permanent physical injuries involving her hip, back, and neck; medical, hospital, and medication expenses; pain and suffering; diminished quality and enjoyment of life; lost productivity; economic losses; and other non-economic damages.

14. At the time of the above-referenced collision, Kiser operated his vehicle negligently, carelessly, recklessly, and in disregard of the traffic conditions then in effect, the traffic conditions then encountered, and the rights and safety of Maez and the public at large.

15. Maez did not contribute to the cause of the November 18, 2019 collision, or the damage

resulting from the same.

## FIRST CLAIM FOR RELIEF
### Negligence Against Defendant Kiser

16. Plaintiff incorporates and re-alleges the allegations contained in Paragraphs 1 through 15 above.

17. Defendant Jordan Kiser owed Plaintiff a legal duty and negligently breached that duty on November 18, 2019 by causing the collision and damage as alleged above.

18. Kiser was negligent in the operation of his vehicle at the time of the collision.

19. Plaintiff was not negligent in the operating of her vehicle at the time of the collision.

20. Kiser's negligence was the proximate and direct cause of the harm and damage alleged above, in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
### Negligence *Per Se* Against Defendant Kiser

21. Plaintiff incorporates and re-alleges the allegations contained in Paragraphs 1 through 20 above.

22. On November 18, 2019, Kiser was charged with violating Colorado Revised Statute § 42-4-1402 for carelessly operating his vehicle.

23. Kiser was negligent *per se* in violating C.R.S. § 42-4-1402, when Kiser operated his vehicle in a manner that was negligent and careless under the circumstances, and which resulted in Kiser running a red light and colliding with the vehicle lawfully operated by Maez.

24. Maez was in the class of persons to be protected by C.R.S. § 42-4-1402.

25. Maez suffered the types of harm that is intended to be prevented by C.R.S. § 42-4-1402.

26. Kiser's negligence *per se* and violation of C.R.S. § 42-4-1402 was the proximate and direct cause of the harm and damage alleged above, in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF
**Respondeat Superior Against Uber**

27. Plaintiff incorporates and re-alleges the allegations contained in Paragraphs 1 through 26 above.

28. Upon information and belief, on November 18, 2019, and at the time of the collision with Maez, Kiser was employee or agent of Uber and was acting within the course and scope of his employment or agency.

29. Under the doctrine of respondeat superior, Uber is responsible for the acts of its employee or agent, Jordan Kiser.

30. As a direct and proximate result of the negligence of Defendants, Maez has sustained the injuries and damages alleged above.

### JURY DEMAND

Trial to a jury of six (6) is demanded on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sandra Maez requests that this Court enter judgment in Plaintiff's favor and against Defendants, in an amount to fairly compensate Plaintiff for the injuries set forth above, court costs, attorney fees, expert witness fees, statutory interest from the date this cause of action accrued or as otherwise permitted under Colorado law, and for such other and further relief as this Court deems just and appropriate, including, but not limited to the following relief:

A. An amount which will reasonably compensate Plaintiff for past, present, and future economic and non-economic losses;

B. An amount which will reasonable compensate Plaintiff for medical expenses, past and future;

C. An amount which will reasonably compensate Plaintiff for permanent limitation, injuries, and/or disfigurement, and limitations and disabilities of the body;

D. An amount which will reasonably compensate Plaintiff for pain and suffering, past, present, and future;

E. An amount which will reasonably compensate Plaintiff for the past, present, and future loss or impairment of quality and/or enjoyment of life;

F.  For interest as provided by statute from the date of the collision which forms the basis of the complaint to the date of the verdict or judgment, post-judgment interest, and for costs and fees incurred in the prosecution of the matter; and

G.  Any other and further relief as this Court may deem just.

**Plaintiff demands a trial by jury as to all claims so triable.**

Respectfully submitted this 16th day of November, 2022

The Law Office of Alexander M. Musz, PC

/s/Alexander M. Musz

Alexander M. Musz, #37912

5